United States District Court
Southern District of Texas
**ENTERED**
September 16, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARTIN VASQUEZ, *et al.*, | § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 4:21-cv-1794 |
| DEPUTY SHERIFF LOMAN, *et al.*, | § § § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

Plaintiffs Martin Vasquez (SPN #00269918), Marquise T. Stewart (SPN #02208417), Demarcus Busby (SPN #02593293), and Michael Jackson (SPN #01673361) filed a civil-rights complaint under 42 U.S.C. § 1983 while detained at the Harris County Jail. On August 2, 2021, the Court sent each plaintiff a notice of deficient pleading, which instructed him to pay the $402.00 filing fee or submit an application to proceed *in forma pauperis* within 30 days (Dkt. No. 5). The notice expressly warned the plaintiffs that this case could be dismissed if they failed to comply as directed. To date, none of the plaintiffs have responded to the Court's notice nor otherwise attempted to comply.[1]

The plaintiffs' failure to pursue this action forces the Court to conclude that they lack due diligence. Therefore, under the inherent powers necessarily vested in a court to

---

[1] Additionally, the notices sent to Vasquez and Stewart have been returned, informing the Court that they are no longer in custody (Dkt. Nos. 7, 8). Vasquez and Stewart have not provided the Court with a change of address, as required by Rule 83.4 of the Local Rules for the Southern District of Texas, Houston Division. Under that rule, a *pro se* litigant is responsible for keeping the Clerk advised in writing of his current address. Vasquez and Stewart have clearly failed to provide the Court with an accurate, current address.

manage its own affairs, this Court determines that dismissal for want of prosecution is appropriate. *See* Fed. R. Civ. P. 41(b); *Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998) (noting that a district court may *sua sponte* dismiss an action for failure to prosecute or to comply with any court order). The plaintiffs are advised, however, that upon a proper showing of good cause for their failure to comply with local rules, relief from this order may be granted in accordance with Rule 60(b) of the Federal Rules of Civil Procedure. Any motion under Rule 60(b) must be accompanied by the filing fee for a civil-rights action ($402.00) or a properly supported application for leave to proceed *in forma pauperis* that includes a certified inmate trust fund account statement in compliance with 28 U.S.C. § 1915(a), for each plaintiff.

Accordingly, it is **ORDERED** that this action be **DISMISSED** without prejudice for want of prosecution.

SIGNED at Houston, Texas on _____ SEP 1 5 2021 _____.

_____
ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE